**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| Tau-Ken Temir LLP et. al., ) ) ) *Plaintiff,* ) ) v. ) ) United States ) ) *Defendant.* ) ) Mississippi Silicon LLC and Globe Specialty ) Metals Inc. ) ) *Defendant-Intervenor* ) ) | Court No. 21-00173 |

**REPLY TO DEFENDANT-INTERVENOR RESPONSE TO MTI RK
MOTION TO INTERVENE AS PLAINTIFF-INTERVENOR**

The Ministry of Trade and Integration of the Republic of Kazakhstan (MTI RK) hereby replies to Defendant-Intervenor Mississippi Silicon and Globe Specialty Metals June 9, 2021 opposition (ECF 23) to MTI RK's motion (ECF 19) to intervene as of right under Rule 24(a) of this Court. Contrary to Defendant-Intervenor claims:

1. The contested decisions U.S. Department of Commerce *Silicon Metal from Kazakhstan: Final Affirmative Countervailing Duty (CVD) Determination* (86 Fed. Reg. 11724 (Feb. 26, 2021)) and associated *CVD Order*, 86 Fed. Reg. 20365 (April 19, 2021) were known – i.e., as stated in both the summons (ECF 1) and complaint (ECF 6) of Plaintiff Tau-Ken Temir LLP (TKT).

2. MTI RK position is clear, to support TKT positions – i.e., to support what Plaintiff TKT stated in its complaint. See, e.g., ECF 22, P.D. 333 (even Defendant-Intervenor cites) & 340, submitted to this Court on June 1, 2021 (ECF 22) as the administrative record below, wherein MTI RK supported all TKT arguments, as well as complemented the same arguments

with its own arguments. That also defeats Defendant-Intervenor exhaustion claims (beyond the law that, as long as any party raised an issue, here TKT, the exhaustion claim against the other parties is defeated because the agency and the other parties had an opportunity to address the argument). At best, Defendant-Intervenor claims harmless error and indicates no prejudice.

3. Anyway, any claim that MTI RK failed to exhaust administrative remedies is premature until MTI RK arguments made.

4. Intervention of right is not subject to opposition based on premature, unsupported speculation that MTI RK might not offer anything of use.

5. Defendant-Intervenor saw MTI RK's draft intervention motion before it was filed, pursuant to the Court's Rule requirement – i.e., Rules 7(b)(1)(c) and 24(c)(2)) -- that the parties consult before such motions are filed. In the consultations, Defendant-Intervenor did not object on the grounds stated. Indeed, Defendant-Intervenor declined to state or discuss any grounds for objection. The Defendant-Intervenor specific objections here could have been addressed in the consultations and resolved. Rule 7(b)(1)(c) of this Court requires such consultations with a "reasonable effort … to reach agreement on the issues involved in the matter through consultation with opposing counsel … to reach agreement in good faith without the intervention of the court." Otherwise this Court may impose sanctions. Id.  Such sanction could include rejection of Defendant-Intervenor's opposition.

6.  Defendant-Intervenor does not deny (or even object) that MTI RK meets the conditions to intervene as of right – i.e., that MTI RK participated in the proceeding below as an interested party. MTI RK's motion to intervene should be granted. The United States already consented to MTI RK's original motion to intervene as of right after reviewing MTI RK's motion before its filing.

We appreciate this Court's attention to this matter.

>Respectfully Submitted,
>
>*/s/ Peter Koenig*
>
>Peter Koenig
>Squire Patton Boggs
>Counsel to MTI RK

Dated: June 11, 2021