UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE LEO M. GORDON, SENIOR JUDGE

|  |  |
|---|---|
| TAU-KEN TEMIR LLP *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Court No. 21-00173<br>) |
| UNITED STATES, | )<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| GLOBE SPECIALTY METALS, INC., *et al.*, | )<br>) |
| Defendant-Intervenors. | )<br>) |

**DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION TO PROPOSED PLAINTIFF-INTERVENOR'S MOTION TO INTERVENE**

Defendant-Intervenors Globe Specialty Metals, Inc. and Mississippi Silicon LLC hereby oppose the motion of the Ministry of Trade and Integration of the Republic of Kazakhstan ("MTI RK") to intervene as of right as Plaintiff-Intervenor, which was filed on June 16, 2021 (ECF No. 27).  MTI RK's motion must be denied because it is untimely.

USCIT Rule 24(a)(3) states:

In an action described in 28 U.S.C. § 1581(c), a timely motion must be made no later than 30 days after the date of service of the complaint as provided for in Rule 3(f), unless for good cause shown at such later time for the following reasons:

  (i)  mistake, inadvertence, surprise or excusable neglect; or

  (ii)  under circumstances in which by due diligence a motion to intervene under this subsection could not have been made within the 30-day period.

MTI RK's motion to intervene as of right was filed on June 16, 2021, more than 30 days after service of the Complaint, which was filed on April 19, 2021.  *See* ECF No. 6.  MTI RK has not shown — or even alleged — good cause for its untimely motion.  The Court therefore must deny MTI RK's untimely motion under Rule 24(a)(3).

MTI RK has styled its motion as a "renewed" motion to intervene, stating that it "renews its prior May 19, 2021 motion to intervene as of right and proposed order."  ECF No. 27 at 2.  This Court denied MTI RK's previous motion to intervene "without prejudice for failure to comply with USCIT Rule 24."  Order (June 11, 2021), ECF No. 25.  MTI RK has not cited — nor does there appear to be — any support for the proposition that it may "renew" an earlier motion after the motion was denied by the Court.

Although the motion was denied without prejudice, the denial without prejudice does <u>not</u> obviate the timeliness requirement in Rule 24(a)(3) or permit MTI RK to file a second motion to intervene that again fails to comply with Rule 24.  The Court has recognized that "{t}he language of the Rule expresses a clear mandatory standard that the court may waive the 30-day limit only if good cause is shown."  *Siam Food Prods. Pub. Co. v. United States*, 22 C.I.T. 826, 827, 24 F. Supp. 2d 276, 278 (1998).  In *Siam Food*, the Court properly denied a motion to intervene that was filed 42 days after the complaint was filed where, as here, the movants "knowingly filed their motion late," and their "excuse for filing late is pleaded without detail."  22 C.I.T. at 826, 830, 24 F. Supp. 2d at 278, 281.  The Court reasoned:

> If the court were to allow intervention in a case with such a broad and unexplained excuse, it would permit parties to ignore the time limits of Rule 24, so long as they file early enough to continue the action without too much prejudice to the opposing parties.  Such a decision would render the actual time limit superfluous.  Under such a scenario, existing parties and the court might not know when to expect intervention, the proceedings on the merits could be interrupted and/or delayed by motions to intervene, and extra adjudication could be routinely required for parties who choose

> to file late. The court assumes the 30-day limit added in 1993 was
> intended to avoid this result. The time limit cannot be so easily avoided,
> even if some prejudice to the late filer results from denial of the motion.

22 C.I.T. at 830, 24 F. Supp. 2d at 281. Those same reasons apply here, and therefore, the Court should deny MTI RK's untimely motion.

MTI RK's counsel did not claim to be unaware of the 30-day time limit. To the contrary, MTI RK's counsel acknowledged the time requirement in the May 19 motion to intervene, *see* ECF No. 19 at 1, which the Court denied. MTI RK's failure to timely file the pending motion to intervene, ECF No. 27, therefore cannot be considered mistake, inadvertence, or surprise under Rule 24(a)(3)(i). *See Siam Food*, 22 C.I.T. at 830, 24 F. Supp. 2d at 281.

MTI RK's failure to timely file the pending motion also cannot be explained by "excusable neglect" or "circumstances in which by due diligence a motion to intervene under this subsection could not have been made within the 30-day period" under Rule 24(a)(3)(i)-(ii). Rather, MTI RK filed the pending motion after the 30-day period because its prior motion to intervene did not meet the requirements of Rule 24, and, accordingly, the Court properly denied that motion. Thus, the circumstances that gave rise to MTI RK's untimely pending motion were entirely within its own control. Indeed, MTI RK could have filed a timely motion that complied with the requirements of Rule 24 at the outset, but failed to do so. MTI RK thus did not exercise due diligence in filing its motions to intervene, and its neglect in failing to follow the Court's rules is not excusable. *See Home Prods. Int'l, Inc. v. United States*, 31 C.I.T. 1706, 1708-09, 521 F. Supp. 2d 1382, 1385-86 (2007) (finding no due diligence or excusable neglect for untimely filing of motion to intervene that was caused by the movants' counsel's "apparent inability to manage the situation effectively," the circumstances that gave rise to the untimely motion were not "genuinely outside the reasonable control of" movants' counsel, and "that granting the

3

motion for leave to intervene on the facts and circumstances presented will render the time limit of Rule 24(a), and the Rule itself, a nullity").

The Court should also disregard the reference at page 3 of the MTI RK's pending motion to its June 11, 2021 reply to Defendant-Intervenors' response to its initial motion to intervene (ECF No. 24). As the motion to intervene was non-dispositive, MTI RK was not entitled to file a reply without leave of court, and therefore, the Court may reject that reply. *See* USCIT R. 5 Practice Comment.

In addition, MTI RK should not be permitted to submit a brief or join any brief submitted by Plaintiffs to the extent that any such brief includes issues that MTI RK did not raise in its administrative case brief and for which it thus failed to exhaust administrative remedies. MTI RK's two-page administrative case brief, P.R. 333, raised significantly fewer issues than were raised in the 47-page administrative case brief of Plaintiff Tau-Ken Temir LLP ("TKT"), P.R. 338. MTI RK's statement that it "supported those TKT arguments in the Commerce proceedings below that led to the Contested Decision," ECF No. 27 at 3, is apparently a reference to its so-called "Rebuttal Brief" before the U.S. Department of Commerce, which merely stated, in its entirety: "Hereby we would like to confirm that we totally agree with the TKT's Case Brief." P.R. 340. That bald, 15-word statement is not a proper rebuttal brief (it does not rebut anything), was untimely made after the deadline for case briefs, and cannot be deemed to satisfy requirements of exhaustion of administrative remedies with respect to all of the issues raised in TKT's case brief. Of course, no possible exhaustion issues will arise if the Court properly denies MTI RK's pending motion to intervene as untimely.

Moreover, given that the same counsel intends to appear for both TKT and MTI RK, it is not immediately apparent how participation by MTI RK could bring any different analyses or

arguments to the Court on the very limited issues addressed by MTI RK in the underlying proceeding. MTI RK's motions to intervene have already given rise to procedural issues requiring needless use of the parties' and the Court's resources to address and resolve, without any potential added value, and its addition as a plaintiff-intervenor would almost certainly give rise to additional such issues.

For the reasons above, Defendant-Intervenors respectfully request that MTI RK's motion to intervene (ECF No. 27) be denied.

Respectfully submitted,

Date: July 2, 2021

*/s/ Adam H. Gordon*
Adam H. Gordon
Jennifer M. Smith
Ping Gong
Lauren Fraid

*Counsel to Defendant-Intervenors Globe Specialty Metals, Inc. and Mississippi Silicon LLC*