## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, JUDGE

| | |
|---|---|
| TAU-KEN TEMIR LLP, and JSC NMC TAU-KEN SAMRUK, <br><br>      Plaintiff, <br><br>  and <br><br>MINISTRY OF TRADE AND INTEGRATION OF THE REPUBLIC OF KAZAKHSTAN, <br><br>      Plaintiff-Intervenor, <br><br>    v. <br><br>UNITED STATES, <br><br>      Defendant, <br><br>  and <br><br>GLOBE SPECIALTY METALS, INC, and MISSISSIPPI SILICON LLC, <br><br>      Defendant-Intervenors. | Court No. 21-00173 |

**DEFENDANT'S COMMENTS ON COMMERCE'S REMAND DETERMINATION**

Pursuant to the Court's January 23, 2026 order, ECF No. 65, defendant, the United States, respectfully submits these comments requesting that the Court sustain the U.S. Department of Commerce's remand results in this action and enter judgment accordingly. *See* Final Results of Redetermination Pursuant to Court Remand (January 15, 2026) (ECF No. 63). The Court should sustain Commerce's remand results because Commerce fully complied with the Court's remand order and the remand results are supported by substantial evidence and otherwise lawful. *See* Remand Order (September 30, 2025) (ECF No. 59). Further, no party has submitted any comments opposing the remand results either before Commerce or the Court. *See*

ECF No. 65 (ordering parties to file comments opposing the remand results on or before February 5, 2026).

## BACKGROUND

I. **The Court's September 30, 2025 Remand Order**

This case concerns the investigation of silicon metal from the Republic of Kazakhstan. *See Silicon Metal from the Republic of Kazakhstan: Final Affirmative Countervailing Duty Determination*, 86 Fed. Reg. 11,725 (February 26, 2021) (*Final Determination*), and accompanying Issues and Decision Memorandum. The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) remanded this matter to this Court with instructions that this Court order Commerce to accept TKT's previously rejected submission and that Commerce should proceed with its countervailing duty investigation from that point. *See Tau-Ken Temir LLP v. United States*, 147 F.4th 1363 (Fed. Cir. 2025). Accordingly, the Court ordered this action remanded to Commerce for further proceedings consistent with the Federal Circuit opinion. Remand Order, ECF No. 59.

II. **Commerce's Remand Results**

Pursuant to the Remand Order, on November 19, 2025, Commerce requested that TKT refile the September 16, 2020, section III questionnaire response that had been previously rejected by Commerce, and established a deadline to submit the requested information by November 21, 2025. Remand Redetermination at 5. On November 21, 2025, at 2:30 pm and again at 4:15 pm, TKT filed a request for clarification and extension of the deadline established in Commerce's November 19 request. Remand Redetermination at 5. On November 21, 2025, Commerce clarified the specific documents that it was requesting and extended the deadline for TKT's submission to November 24, 2025. Remand Redetermination at 5. On November 24,

2

2025, TKT filed a notice of withdrawal of participation in this proceeding. Remand Redetermination at 5. Because TKT has withdrawn its participation from this inquiry, Commerce determined that necessary information is not on the record, and TKT withheld requested information, failed to provide such information, and significantly impeded the proceeding. Remand Redetermination at 8. The September 16, 2020 section III questionnaire response was not provided by TKT, and without TKT resubmitting the response, it was not possible for Commerce to use the response because it is no longer in the possession of Commerce. Remand Redetermination at 8. Therefore, Commerce determined that the use of facts otherwise available is warranted in determining TKT's subsidy rate, pursuant to 19 U.S.C. §§ 1677e(a)(1) and (2)(A)-(C) as described above. Remand Redetermination at 8. Moreover, Commerce determined that TKT failed to cooperate by not acting to the best of its ability to comply with a request for information, and that adverse inferences are thus warranted under 19 U.S.C. § 1677e(b) to determine whether TKT received a benefit, and the amount of that benefit, for each program under investigation. Remand Redetermination at 8-9.

## ARGUMENT

**I.   Standard Of Review**

The Court's review of remand determinations in antidumping and countervailing duty proceedings applies the same standard of review as the one applied when reviewing the original determination. *See* 19 U.S.C. § 1516a(b)(1)(B)(i)). Thus, in remand proceedings, the Court will sustain Commerce's determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

**II.     Commerce's Remand Results Comply With The Remand Order And Are Supported By Substantial Evidence And In Accordance With Law**

On remand, Commerce complied with the Court's remand order by re-opening the record and requesting TKT to submit the September 16 submission for consideration. TKT did not submit the requested submission and instead indicated it would not participate in the remand proceeding. Given TKT's failure to provide the requested information and its affirmative statement indicating that it would not participate or cooperate any further with the investigation, Commerce's decision to apply facts available with an adverse inference is rational and supported by substantial evidence. *See* 19 U.S.C. § 1677e(b)(1); *AG Der Dillinger Huttenwerke v. United States*, 140 F.4th 1364, 1371 (Fed. Cir. 2025).

Before Commerce, no party submitted comments opposing the draft remand results. Further, no party has submitted comments to the Court opposing the final remand results. *See* ECF No. 65. Accordingly, any objections to Commerce's remand results, to the extent any exist, have been forfeited. *See Bozeman Fin. LLC v. Fed. Rsrv. Bank of Atlanta*, 955 F.3d 971, 974 (Fed. Cir. 2020) (arguments not raised before an administrative body or not raised in an opening brief are forfeited). Because the remand results comply with the Court's remand order, are supported by substantial evidence and in accordance with law, and are uncontested and no further issues remain for the court to adjudicate, we respectfully submit that entry of judgment sustaining Commerce's remand results is appropriate. *See Fusong Jinlong Wooden Grp. Co. v. United States*, 732 F. Supp. 3d 1333, 1339 (Ct. Int'l Trade 2024).

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's remand results and enter judgment for the United States.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
|  | REGINALD T BLADES, JR.<br>Assistant Director |
| OF COUNSEL:<br>SHANNI ALON<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel For Trade<br>Enforcement and Compliance<br>1401 Constitution Avenue, NW<br>Washington, D.C. 20230<br>Tel: (202) 482-5056<br>Email: Shanni.Alon@trade.gov | s/ Brendan D. Jordan<br>BRENDAN D. JORDAN<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington D.C. 20044<br>Tel: (202) 616-0342<br>Email: Brendan.D.Jordan@usdoj.gov |
| February 18, 2026 | Attorneys for Defendant |